■ In the Matter of GORDON CLARK et al., Petitioners, v NEW YORK STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a finding of a deficiency of personal income tax pursuant to article 22 of the Tax Law. Petitioner, on May 9, 1974, following a successful intercollegiate hockey career at the University of New Hampshire, executed a three-year "standard player's contract" with the Boston Bruins of the National Hockey League. This contract consisted of three parts: (1) "Addendum A" providing, *inter alia,* for a $20,000 "signing bonus" upon execution of the contract; (2) "Addendum B" providing for various "performance bonuses" based on petitioner's athletic achievements during the seasons; and (3) the main body of the document relating to the obligations of the parties and setting forth, among other things, the salary petitioner was to receive for each playing season of the contract. Petitioner, in early September, reported to the Boston Bruins' preseason training camp in Massachusetts and thereafter played in a number of exhibition games for the team. However, he was not added to the regular roster, but rather was sent to play with the Rochester Americans of the American Hockey League, a minor league club, to gain experience. Commencing on October 7, 1974, he played a total of 31 games with the Rochester Americans for the "minor league" salary specified in his contract with the Boston Bruins. Twenty-two of these 31 games were played in New York State. Petitioner, at all times a nonresident of New York, subsequently filed a 1974 New York State nonresident personal income tax return for the year 1974. He reported as "New York source income" the salary for the 31 games but did not report the $20,000 "signing bonus" he received on May 16, 1974 as "New York source income". As a result, the Tax Commission notified petitioner of a tax deficiency in the amount of $725.40 for 1974 for failure to report the $20,000 "signing bonus" as "New York source income". Following petitioner's filing of a petition for redetermination and after a "small claims" hearing was held, respondent issued a ruling holding the $20,000 to be "New York source income" and thus taxable under section 632 of the Tax Law (see *Matter of Clark,* decision of State Tax Comm, Jan. 18, 1980, cited in 1 NYS Tax Rep [CCH], § 15-610). The Tax Commission had earlier ruled that petitioner's 1974 salary from the Rochester Americans was properly allocated as "New York source income" on a 22/31 basis since only 22 of the 31 games played were played within New York State (Tax Law, § 632, subd [b], par [1], cl [B]; subd [c]; 20 NYCRR 131.4 [a], [b]; 131.16). This proceeding

challenging the Tax Commission's determination of a tax deficiency ensued. The determination of the Tax Commission finding the $20,000 "signing bonus" to be "derived from New York sources" and "allocable as New York source income" in the same manner as petitioner's salary income is in error and should be annulled. Both petitioner and the Boston Bruins were nonresidents of New York State at the time of execution of the contract and thereafter. The uncontradicted testimony at the hearing revealed that the standard type of "signing bonus" provided in the contract is clearly given in consideration of the athlete giving up his amateur and free agent status and for agreeing to be the exclusive property of the major league club (and/or its minor league affiliates) executing the contract. The said "signing bonus" is payable separately from the salary and any other compensation terms under the contract and is nonrefundable. The payment of the "signing bonus" is not conditional upon the signee playing any games for the club or even making the team. Thus, the receipt of the "signing bonus" of $20,000 on May 16, 1974 was not connected with the subsequent performance of the contract in New York State in the fall of 1974. Therefore, it was improperly ruled to be "New York source income". Determination annulled, with costs, and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.